■ JOSEPH ALBERTI, Petitioner, v BALDWIN FIRE DEPARTMENT OF THE BALDWIN FIRE DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Board of Fire Commissioners of the Baldwin Fire District, dated April 6, 1976, which, after a hearing, found petitioner guilty of violating a by-law of the Baldwin Fire Department, which requires that " 'Members, at all times, shall conduct themselves in a respectable and orderly manner when in uniform and/ or on District property, or any firematic activity, or be subject to relief of duty' " and suspended him for a stated period. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The proceeding involves a fight which took place in a firehouse on New Year's Eve of 1975 and in the early morning hours of January 1, 1976. Although there was evidence that petitioner had been provoked by an officer who was intoxicated, abusive, ethnically slanderous and perhaps even assaultive, the incident occurred in a *firehouse*, in which the necessity for extreme discipline and self-restraint are paramount. The board could have based its decision upon the testimony of Lieutenant Walther and Firemen Mullins and Brown, certain admissions made by petitioner and certain testimony of other witnesses. Thus, it cannot be said that its decision was not supported by substantial evidence (see *Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Frank v Department of State of State of N. Y.*, 14 AD2d 139, mot for lv to app den 10 NY2d 706). Similarly, while opinions might readily differ as to whether the punishment meted out to petitioner was excessive and whether the discrepancy between the punishment given petitioner and that given Lieutenant Walther was discriminatory, the punishment for this fight in a firehouse had best be left to the Board of Fire Commissioners and cannot be deemed shocking to one's sense of fairness. Therefore, it may not be disturbed (see *Matter of Pell v Board of Educ., supra,* pp 236-237, 241). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

■ MARIA A. AUGELLO, Respondent, v VINCENT AUGELLO, Appellant.—In a matrimonial action, defendant appeals from a judgment of the Supreme Court, Queens County, entered October 26, 1976, which, after a nonjury trial, *inter alia*, granted the plaintiff wife a separation, and awarded her $60 per week as alimony and $40 per week as child support. Judgment affirmed, with costs. The determination of the trial court is fully supported by the record on this appeal. Latham, J. P., Rabin, Titone and O'Connor, JJ. concur.

■ JOSEPH J. BENJUSKI, Respondent, v ROBERTO A. REID, Respondent, and JOHN MAGNO et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants Margaret and John Magno appeal from a judgment of the Supreme Court, Kings County, entered October 28, 1976, which, after a jury trial, is in favor of plaintiff and against them and dismissed the complaint, and their cross claim, as against codefendant Reid. Judgment affirmed, with one bill of costs jointly to respondents. The record fully supports the factual findings of the jury (see, generally, *Sorokin v Food Fair Stores*, 51 AD2d 592). In addition, we have examined appellants' other contentions and find them to be without merit. Latham, J. P., Hawkins, Suozzi and Mollen, JJ., concur.